IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES NEWSON,

                 Plaintiff,                    OPINION AND ORDER

   v.

                                             12-cv-293-wmc

JANEL NICKEL, CAPTAIN MORGAN,
and GLEN BENNETT,

                 Defendants.

---

Defendants Janel Nickel, Captain Morgan and Glen Bennett seek to compel answers to interrogatories and request sanctions in light of plaintiff James Newson's failure to comply. (Dkt. #27.) For the reasons stated below, the court will deny defendants' motion to compel, but will grant defendants additional time to respond to plaintiff's motion for summary judgment. While the court denies defendants' motion, plaintiff should not view this as a victory: any further failure to comply in good faith with defendants' discovery requests will be met with sanctions.

In the motion to compel, defendants seek an order requiring plaintiff to "properly respond" to Interrogatory Nos. 1-6, 8 and 9. In brief, these interrogatories requested (1) all facts supporting plaintiff's claims of retaliation (Nos. 1-3); (2) all written or oral statements made by Newson and others concerning defendants' actions (Nos. 4-5); (3) all documents which record Newson's concerns about defendants' actions (No. 6); (4) the manner and form of defendants' alleged statements; and (5) a list of others with knowledge of the facts supporting his claims.

Defendants served these discovery requests on August 21, 2013, requiring responses by September 23, 2013. Newson timely responded to the interrogatories, but, as defendants explained in a lengthy letter to him dated October 7, 2013, Newson's responses were inadequate. (Dkt. 27-1.) Plaintiff objected to all of the requests for a variety of reasons including that they were vague, oppressive, unduly burdensome or excessive (or some combination), and failed to

provide any answers to the interrogatories. In response to Interrogatory Nos. 1 and 2, Newson specifically stated that he would provide the requested information in his proposed findings of fact when discovery had ended. In the October 7, 2013, letter, defendants requested full and complete responses no later than October 21, 2013.

Plaintiff contends, and he submits a declaration from a fellow inmate in support, that he completed supplemental responses and mailed them to defendants on October 17, 2013. (Pl.'s Resp. (dkt. 29); Aff. of Wilhelm F. Von Menze (dkt. 30).) Defendants, however, did not receive the response, and plaintiff failed to actually attach them to his submission in opposition to the motion to compel. Regardless, plaintiff filed a motion for summary judgment on October 22, 2013, in which he includes proposed findings of fact and an affidavit in support of his motion. (Dkts. 19, 20.) On October 31, 2013, plaintiff also submitted revised answers to the interrogatories, directing defendants to his summary judgment submission and including additional information, where warranted. (Dkt. 31.)

In light of his summary judgment submission and the October 31, 2013, supplemental responses, it appears plaintiff has now fully responded to the interrogatory requests. While plaintiff's initial answers were blatantly inadequate, the court will not sanction him at this time. As noted above, plaintiff must participate in discovery in good faith going forward or there will be consequences.

In moving to compel, defendants' real concern seems to be with plaintiff's filing of an early summary judgment motion in the first instance. While the deadline is not until March 2014, there is no barrier to Newson filing earlier if he thinks he is ready. Still, to ameliorate any prejudice to defendants caused by Newson's delay in responding properly and completely to their interrogatory requests, the court will extend plaintiff's deadline for responding to summary

2

judgment.[1] Plaintiff's responses to the interrogatories at issue were initially due on September 23, 2013, and plaintiff filed his supplemental responses on October 31, 2013, approximately 5 weeks late. Accordingly, the court will extend defendants' summary judgment response date from November 22, 2013, to January 3, 2014. Plaintiff's reply is then due on or before January 13, 2014.

## ORDER

IT IS ORDERED that:

1) Defendants Janel Nickel, Captain Morgan and Glen Bennett's motion to compel and for sanctions (dkt. 27) is DENIED as unnecessary at this time;

2) Defendants' motion to stay proceedings on plaintiff's summary judgment motion pending resolution of the motion to compel (dkt. 32) is DENIED AS MOOT; and

3) Summary judgment briefing is reset as follows: defendants' response is due not later than January 3, 2014; plaintiff's reply is due not later than January 17, 2014.

Entered this 18th day of November, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] If defendants need additional time, they should seek relief pursuant to Fed. R. Civ. P. 56(d) and this court will do what justice requires.